No. 27,405.

MARY E. CLARK, *Appellant,* v. EDITH M. CLARK et al., *Appellees.*

SYLLABUS BY THE COURT.

1. TRUSTS—*Accounting and Recovery of Funds—Evidence.* In an action by the beneficiary of a trust to require an accounting by the trustee, to remove the trustee, and to recover funds alleged to be due under the trust agreement, the proceedings considered and *held,* the evidence was sufficient to sustain the findings and judgment of the court approving the account of the trustee and that the trustee had personally advanced cash for the use and benefit of the trust in its administration.

2. SAME—*Liabilities—Disposition of Funds at Request of Beneficiary—Estoppel.* Where a husband and wife entered into an agreement with a trustee, whereby a conveyance of the life interest in certain lands owned by the husband was made to the trustee for the purpose of setting aside a yearly income from the rents and profits of the land for the separate use and maintenance of the wife and her daughter, and where the husband and wife were afterwards divorced, and where thereafter in the course of time, the wife executed requests and orders to the trustee to pay rent money to the former husband which orders were by the trustee complied with; *held,* the wife was not in position to claim that her requests and orders were void; and *held,* further, that inasmuch as the trustees paid out such sums of money on the requests and orders of the beneficiary, the beneficiary was estopped from again collecting such sums from the trustee.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed June 11, 1927. Affirmed.

Estoppel, 21 C. J. pp. 1240 n. 85, 1241 n. 86; 44 L. R. A. n. s. 980; 10 R. C. L. 769. Trusts, 39 Cyc. pp. 302 n. 46, 303 n. 47, 304 n. 51, 477 n. 89.

Clark v. Clark.

*L. E. Helvern, S. F. Newlon,* both of Hiawatha, *Ira B. Burns* and *Paul T. White,* both of Kansas City, Mo., for the appellant.

*W. F. Means* and *W. E. Archer,* both of Hiawatha, for the appellees.

The opinion of the court was delivered by

Hopkins, J.:   The action was one by the beneficiary of an alleged trust to require an accounting by the trustee, to remove the trustee and to recover funds alleged to be due under the trust agreement. The trustee made an accounting and surrendered the trust and was awarded judgment for moneys expended for the trust estate.   The beneficiary appeals.

On December 28, 1897, John W. Clark and wife conveyed to Clarence B. Clark a life estate in certain lands.   On December 4, 1913, Clarence and Mary, his wife, entered into an agreement with Edith M. Clark, a sister of Clarence, wherein a conveyance of the life interest of Clarence in the land in question was made to Edith in trust for certain purposes, among others, to set aside and create a yearly income for the separate use and maintenance of Mary and her daughter Pearl, in consideration of which Mary released and relinquished her husband, Clarence, from any further obligation or duty in respect to maintenance whether or not they remained husband and wife. ¨The instrument provided that the trustee, Edith, should rent the land and out of the rentals pay to Mary $1,200 per annum in monthly installments as nearly as possible; that prior to the payment of the monthly installments, the trustee should first pay all taxes and all maintenance charges upon the property, and any expenses to which she might be put in connection with the execution of the trust.   The instrument further provided that if the rental should exceed the sum of $1,200 in one year, in excess of the taxes and expenses, such excess should be paid to Clarence; also that the trustee should receive no compensation or commission for her services.

Since execution of the agreement Clarence and his wife Mary have been divorced and the daughter Pearl has died.   Edith entered upon the performance of her duties under the contract.   Friction arose between the parties about 1919 or 1920, resulting in this lawsuit, among others.   The plaintiff, Mary, claims that she had received no income from the property since January 1, 1921; that the defendant, Edith, failed to pay the taxes and refused to render an accounting,

and that a conspiracy existed between her former husband, Clarence, and his sister Edith, to deprive her of the rents and profits of the land. The defendant answered to the effect that since January, 1921, the rents and profits had been administered under the direction of the plaintiff; that by reason of certain orders signed by the plaintiff, defendant paid over the rents from the property to the former husband, Clarence. The orders in question, a number of them under different dates, were attached to the answer as exhibits. One, for instance, reads:

"KANSAS CITY, Mo., Sept. 17, '19.

"Miss Edith M. Clark, Kansas City, Mo.:

"DEAR EDITH—You will please rent the eighty acres on the hill at Reserve for six hundred dollars cash, to Mr. Ira Hillyer, for the year 1921 to 1922, and give the money to Clarence. MARY E. CLARK."

The defendant attached to her answer a statement of account showing her activities as trustee under the agreement covering a period from September, 1919, to July 7, 1925. The plaintiff claimed, and there was evidence to support her contention, that various of the orders executed by her directing the trustee to pay funds to her former husband, were procured by fraud. She also claimed that Clarence and Edith had conspired together to procure such orders. Opposed to this was evidence that the trustee had no knowledge of the procurance of such orders from the plaintiff until they were presented to her by Clarence; that she, the trustee, regretted the necessity for handling the business in such a way and regretted the payment of such funds to her brother Clarence, and that on occasions she, as trustee, was compelled to borrow money to pay delinquent taxes on the land. The case was tried by the court, who saw the witnesses, heard the conflicting testimony and after due consideration resolved the conflict in favor of the defendant. The judgment in part reads:

"The court, after consideration of said briefs and arguments of counsel, and being fully advised in the premises, finds for the defendant, Edith M. Clark, and against the plaintiff, Mary E. Clark, and there being no objections filed to the account of Edith M. Clark as such trustee, attached to her amended answer filed herein, as heretofore ordered by this court, her said accounting as such trustee is approved and confirmed by the court and said account of said Edith M. Clark as trustee shows as such trustee she had personally advanced in cash for the use and benefit of said trust and the administering thereof, the sum of $134.42, she is entitled to recover said sum, which should be charged

against the trustee of said estate created by the terms of said trust as set forth in said plaintiff's exhibit 'A.' It is therefore

"Considered, ordered and adjudged by the court that said plaintiff, Mary E. Clark, take nothing by reason of this action and that said Edith M. Clark be, and she is hereby given judgment against the (succeeding) trustee in said estate for the sum of $134.42, with interest thereon at the rate of six per cent per annum from this date, and that the trustee of said estate hereinafter named and appointed, or his successors, be, and he is hereby authorized and directed to pay to said Edith M. Clark, out of any money coming into his hands by reason of said trust, said sum of $134.42, with interest thereon; and that the costs of this action be paid by said trustee or his successor in trust, herein taxed against him in the sum of $————."

The plaintiff contends "that the written documents executed by her directing or authorizing the trustee to anticipate the rents and profits from the land, the subject matter of the trust, and turn them over to Clarence B. Clark, were void." She relies upon R. S. 67-404, which reads:

"No person beneficially interested in a trust for the receipt of the rents and profits of lands can dispose of such interest unless the right to make disposition thereof is conferred by the instrument creating such trust; but the interest of every person for whose benefit a trust for the payment of a sum in gross is created is assignable."

It is argued that this statute was evidently conceived and adopted by the legislature to protect persons in the position that plaintiff was in, so that designing relatives or other persons could not take advantage of them; that if the trustee had not wrongfully paid out the money, she would have had funds on hand with which to pay the taxes, also funds with which to pay the plaintiff some three thousand and fifty dollars which had been paid upon plaintiff's orders to her husband, Clarence. We are of opinion the defendant's contention that the quoted statute has no application to the facts, and that plaintiff is estopped from proceeding against the trustee, must be sustained.

The plaintiff and her husband, who created the trust agreement, were competent to contract with each other. That competency was not exhausted by the execution of the trust agreement under consideration. Mary had the right thereunder to receive the rentals or income and to dispose of them as she pleased. She was an adult and otherwise competent to so dispose of them. She did dispose of them and cannot now repudiate such disposition.

We are also of opinion the plaintiff's acts were such as to estop her from proceeding against the trustee.

"Even though an act of the trustee is unauthorized and constitutes a breach of trust, it may be so acquiesced in, confirmed, or ratified by the *cestui que trust* as to estop him from repudiating it and attempting to hold the trustee liable therefor, and may in some cases even be sufficient to render the *cestui que trust* liable to third persons; but before such concurrence or ratification will be held to have occurred, it must be shown by the trustee that the *cestui que trust* acted with full knowledge of all the facts and of his rights. The trustee may also be relieved from liability for a breach of trust by an express release executed by the *cestui que trust*, or by an agreement of the *cestui que trust* to indemnify him, or by provisions of the trust instrument exempting him from liability." (39 Cyc. 302.)

As before said, it is clear that the plaintiff and her former husband were competent persons to enter into an agreement; that they entered into the agreement in question of their own free will and accord and for a long period of years reaped benefits and advantages accruing therefrom. It is also clear that the trustee, year after year, performed all the disagreeable duties under the contract without compensation or remuneration. It would shock the natural sense of justice to require the trustee to again pay the amounts claimed by the plaintiff, they having already been paid upon the specific requests and orders of the plaintiff.

"While waiver is not in the proper sense of the term a species of estoppel, yet where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, remedies or objections which he is entitled to assert, he will be estopped to insist upon such rights, remedies or objections to the prejudice of the one misled." (21 C. J. 1240.)

(See, also, *Ellig v. Naglee,* 9 Cal. 683; *Campbell v. Miller et al.,* 38 Ga. 304, 95 Am. Dec. 389; *Donnell v. Donnell,* 62 N. C. [Phill. Eq.] 148; 26 R. C. L. 1324, 1325; Note, 44 L. R. A., n. s., 980.)

The judgment is affirmed.